### WitherIN THE DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LATOYA LEATHERS, Individually and IMAREON LEATHERS, Individually, <br><br>Plaintiffs,<br><br> v.<br><br> WAL-MART STORES EAST, L.P., and KATHY,<br><br> Defendants. | Case No.: CIV-20-731-JD |

### NOTICE OF REMOVAL

**TO:  THE JUDGE OF THE UNITED STATES DISTRICT COURT
       FOR THE WESTERN DISTRICT OF OKLAHOMA**

Defendant, Wal-Mart Stores East, L.P., a Delaware Limited Partnership ("Walmart") pursuant to Title 28 U.S.C. §§1331, 1441(a) and 1446 and LCvR 81.2, file this Notice of Removal of the civil action filed against it in the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.  In support of removal, Defendant states as follows:

1. Plaintiffs, Latoya Leathers and Imareon Leathers, filed their Petition in the District Court of Oklahoma County on June 26, 2020.  (*See* copy of the Oklahoma County District Court Docket, attached as Exhibit "1").

2. 28 U.S.C. §1331 states that, "The district courts shall have original jurisdiction of all civil actions arising under the Constitute, laws, or treaties of the United

1

States."

3. Plaintiffs' Petition alleges that Defendant, through Defendant's associates, targeted and racially profiled Plaintiffs' due to their race while Plaintiffs were attempting to purchase various items at Defendant's retail store. (*See* Plaintiffs' Petition attached as Exhibit "2").

4. While not expressly stated by Plaintiffs, Plaintiffs' allegations against Defendant Walmart sound in federal question in that Plaintiffs allege that they were discriminated against based on the color of their skin while attempting to purchase various items from Defendant's retail store. (*See* Exhibit "2").

5. While Defendant denies that it violated any laws or was negligent for purposes of the at-issue transaction, the pertinent federal law, 42 U.S.C. §1981, states:

   **(a) Statement of Equal Rights**
   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

   **(b) "Make and Enforce Contracts" Defined**
   For purposes of this action, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

   **(c) Protection Against Impairment**
   The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

6. The United States Court of Appeals for the Eighth Circuit previously held that "each time a shopper enters an establishment, regardless of how they might pay

for their anticipated purchases, if they make a legally sufficient attempt to purchase but are thwarted in their efforts, they have a cognizable claim under [42 U.S.C. §1981]." *Withers v. Dick's Sporting Goods, Inc.*, 636 F.3d 958 (8th Cir. 2011).

7. Because Plaintiffs' allege that they were racially profiled/targeted while attempting to purchase various items from Defendant's retail store, 42 U.S.C §1981 is implicated and serves as the underlying basis for Plaintiffs' allegations against Defendant.

8. In addition to the holding from the Eight Circuit Court of Appeals, the United States District Court for the District of Kansas in *Hester v. Wal-Mart Stores, Inc.*, 356 F. Supp. 2d 1195 provided that:

> Even if Congress did not originally intend that section 1981 provide protection from the conduct of private actors, the 1991 amendment makes abundantly clear that there is no state action requirement. Subsection (c) states that it applies "to the rights protected by this section." 42 U.S.C. §1981(c). The plain meaning of this provision must be that subsection (c) applies to section 1981 in its entirety, not merely the "make and enforce contracts" clause.

9. Accordingly, 42 U.S.C. §1981(c) is implicated and serves as the basis of this litigation based on Plaintiffs' allegations that they were racially profiled/targeted by Defendant even though Plaintiffs do not specifically allege Defendant violated the provision of 42 U.S.C. §1981. Furthermore, as set forth in *Hester*, it is not required that Defendant be a state actor for 42 U.S.C. §1981 to serve as the basis for Plaintiffs' allegations.

10. For purposes of this litigation, Plaintiffs' Petition also alleged that:

    "Defendants' actions were negligent and caused Plaintiffs' injuries, including mental pain and suffering.

    Additionally, Defendants' actions constituted either intentional infliction of emotional distress or negligent infliction of emotional distress.

    (*See* Exhibit "2").

11. All of Plaintiffs' stated causes of action arise from the alleged racial profiling/targeting by Defendant while Plaintiffs were attempting to purchase various items from Defendant's retail store. Therefore, removal of this action to the United States District Court for the Western District is appropriate even if Plaintiff had asserted state law claims against Defendant. 28 U.S.C. §1441.

12. In accordance with the provisions of Title 28 U.S.C. §1391(a), venue is proper in the United States District Court for the Western District of Oklahoma because the alleged incident occurred in Oklahoma County, State of Oklahoma, which is in the Western District of Oklahoma.

13. To Defendant's knowledge, Defendant Kathy has not been served by Plaintiffs and is not required to join in this Notice of Removal. 28 U.S.C. §1446(b).

14. By virtue of this Notice of Removal, Defendant does not waive its right to assert any jurisdictional claims or pursue other motions or defenses, including those available under Rule 12 of the Federal Rules of Civil Procedure.

15. In accordance with the provisions of Title 28 U.S.C. §1446(a) and the local rules of the United States District Court for the Western District of Oklahoma, legible copies of all documents filed in the state court action are being filed

contemporaneously with this Notice of Removal and submitted by way of the following exhibits:

**CJ-2020-2959 (Oklahoma County District Court)**

Exhibit 1: Copy of the Oklahoma County District Court Docket

Exhibit 2: Summons

Exhibit 3: Petition

Exhibit 4: Entry of Appearance for Michael W. Brewer

Exhibit 5: Entry of Appearance for Jeffrey D. Scott

Exhibit 6: Answer to Plaintiff's Petition

In accordance with the provisions of Title 28 U.S.C. §1446(d), Defendant is serving a copy of this Notice of Removal upon Plaintiff and are filing a Notice of Removal with the Clerk of the District Court of Oklahoma County, State of Oklahoma, where this case was originally filed. Copies of this Notice are being served upon Plaintiff and filed with the Oklahoma County Court Clerk contemporaneously with this document.

WHEREFORE, Defendant Walmart prays that the Court take jurisdiction in this action to the exclusion of any further proceedings in the District Court of Oklahoma County, State of Oklahoma.

                                        Respectfully submitted,

                                        */s/Michael W. Brewer*
                                        **MICHAEL W. BREWER, OBA # 11769**
                                        **JEFFREY D. SCOTT, OBA # 32115**
                                        **HILTGEN & BREWER, P.C.**
                                        9505 North Kelley Avenue
                                        Oklahoma City, OK 73131
                                        Telephone: (405) 605-9000
                                        Facsimile: (405) 605-9010
                                        mbrewer@hbokc.law
                                        jscott@hbokc.law
                                        **ATTORNEYS FOR DEFENDANT**
                                        **WAL-MART STORES EAST, L.P.**


## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of July 2020, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

**KENYATTA R. BETHEA, OBA #18650**
**HOLLOWAY, BETHEA & OTHERS, PLLC**
3035 NW 63rd, Suite 102N
Oklahoma City, OK 73116
Telephone: 405-246-0600
Facsimile: 405-810-4080
kbethea@hbolaw.com
**ATTORNEY FOR PLAINTIFFS**

                                        */s/Michael W. Brewer*
                                        **MICHAEL W. BREWER**